UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

SHYTIQUE KELLY,

|                                        |          |                          |
|----------------------------------------|----------|--------------------------|
|                                        | Plaintiff, | 9:25-CV-0206             |
|                                        |          | (ECC/MJK)                |
| v.                                     |          |                          |

MARK MILLER, Superintendent, Green Haven
Correctional Facility, et al.,

                                                        Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

APPEARANCES:                                      OF COUNSEL:

SHYTIQUE KELLY
Plaintiff, pro se
13-A-3504
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

ELIZABETH C. COOMBE
United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

On February 13, 2025, pro se plaintiff Shytique Kelly ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  The complaint asserted claims related to plaintiff's confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Compl.

By Decision and Order filed on March 28, 2025 (the "March 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 4.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 6 ("Am Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2025 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 4 at 2-4.

### B.  Summary of Amended Complaint

From December 28, 2022 until November 2023, defendant Superintendent Mark Miller ("Miller"), the Superintendent at Green Haven Correctional Facility ("Green Haven C.F.") imposed a policy "replacing loss of rec time" in violation of Corrections Law § 137, the New York State Humane Alternatives to Long-Term Solitary Confinement Act (the "HALT Act").[1] Am. Compl. at 4, 6.  As a result of the policy, plaintiff was deprived of fresh air and exercise. *Id.*

---

[1]  The HALT Act, a New York state law that took effect on March 31, 2022, provides, *inter alia*, that individuals in segregated confinement receive four hours of out of cell programming, including one hour of recreation.  *See DeJesus v. Palmer*, No. 22-CV-716, 2024 WL 2818879, at *2 (W.D.N.Y. May 31, 2024).

From January 22, 2024 until March 25, 2024, defendant Andrew Frazier ("Frazier"), the Deputy Superintendent of Security at Coxsackie Correctional Facility ("Coxsackie C.F.") created a policy that violated the HALT Act.  Am. Compl. at 4, 6.  Frazier deprived plaintiff of outside recreation.  *Id.*

From December 23, 2024 until February 26, 2025, defendant Lynn Lilley ("Lilley"), the Superintendent at Eastern Correctional Facility ("Eastern C.F.") failed to comply with the HALT Act and deprived plaintiff of outside recreation  Am. Compl. at 5, 6.

As a result, plaintiff suffers from muscle aches, discomfort, stiffness, emotion distress, and pain and suffering.  Am. Compl. at 5.

Construing the amended complaint liberally[2], plaintiff alleges Eighth Amendment and state law claims related to plaintiff's conditions of confinement.  *See generally* Am. Compl. Plaintiff seeks monetary damages and injunctive relief.  *See id.* at 7.

**C. Analysis**

**1. Severance and Transfer of Claims Related to Green Haven C.F.**

Rule 21 of the Federal Rules of Civil Procedure permits the Court to sever any claim against a party and proceed with that claim separately.  Fed. R. Civ. P. 21.  In deciding whether to sever a claim, a court should consider the following:

> whether the claims arise out of the same transaction or occurrence; whether the claims present some common questions of law or fact; whether settlement of the claims or judicial economy would be facilitated; whether prejudice would

---

[2]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

be avoided if severance were granted; and whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

"A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer. Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants." *Cain v. New York State Bd. of Election*s, 630 F.Supp. 221, 225-26 (E.D.N.Y. 1986). "A decision to sever lies within the discretion of the Court." *Id.* at 225.

Here, plaintiff's claims related to alleged wrongdoing that occurred while he was confined at Green Haven C.F. are more appropriately heard in the Southern District. Those claims are separate and distinct from the claims arising out of alleged wrongdoing that arose while plaintiff was confined at Coxsackie C.F. and Eastern C.F. and will require different witnesses and documentary proof. The remainder of the factors also weigh in favor of severance.

Thus, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the claims that arose while plaintiff was incarcerated at Green Haven C.F. in the Southern District, along with the defendant associated with those claims, are severed from this action, and transferred to the Southern District. Thus, Miller, and all claims against him, will be severed and transferred to the Southern District.

This District will retain jurisdiction over the claims that arose, if at all, while plaintiff

was incarcerated at Coxsackie C.F. and Eastern C.F. and will therefore review the sufficiency of those claims.  No position is taken on the sufficiency of the claims that have been severed and will be transferred to the Southern District; that determination is left to the Southern District.

### 2.  Eighth Amendment - Conditions of Confinement

While the United States Constitution " 'does not mandate comfortable prisons,' . . . neither does it permit inhumane" treatment of those in confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test."  *Jolly v. Coughlin*, 76 F.3d 468,480 (2d Cir. 1996) (citation omitted).  To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' "  *Id*. (citation omitted).  "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).

With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' "  *Jolly,* 76 F.3d at 480 (citation omitted).  To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety."  *Walker*, 717 F.3d at 125.

Upon review of the amended pleading, the Court finds that plaintiff's Eighth Amendment claims lack sufficient factual basis to proceed.  "While courts have found that denial of all opportunity to exercise violates an inmate's constitutional rights, they have found no violation where the inmate has an opportunity for exercise, either in or outside of his cell."

5

*Shakur v. Sieminski*, No. CIV.A. 3:07-CV-1239C, 2009 WL 2151174, at *4 (D. Conn. July 15, 2009). Courts have found Eighth Amendment violations "based on denials of recreation only in extreme circumstances-for instance, when an inmate was denied 'all meaningful opportunity for exercise' for three-and-a-half years." *West v. City of New York,* No. 13 CIV. 5155, 2014 WL 4290813, at *5 (S.D.N.Y. Aug. 28, 2014). Indeed, the lack of out-of-cell recreation, without more, is not a violation of a constitutional right. *See Little v. Mun. Corp.*, 51 F.Supp.3d 473, 489 (S.D.N.Y. 2014) (citations omitted).

Here, plaintiff claims Frazier denied him "outdoor recreation" for three months. *See* Compl. at 4. Plaintiff also alleges that Lilley deprived him of outside exercise for two months. *See id*. at 5. Plaintiff does not claim that he was deprived of any "basic human need" or completely precluded from exercising for a "meaningful" period of time. Thus, without more, these allegations do not suggest a constitutional violation. *See West*, 2014 WL 4290813 at *5.

Further, even assuming plaintiff's lack of outdoor recreation constituted a deprivation of a basic human need, the amended complaint does not suggest that either defendant was personally involved in the alleged deprivations. Plaintiff asserts Eighth Amendment claims against Frazier and Lilley based upon a "policy that failed to adhere" to the HALT Act. *See generally* Compl. These allegations merely demonstrate that Frazier and Lilley played a supervisory role and are far from sufficient to demonstrate personal involvement. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' ") (quoting *Iqbal*, 556 U.S. at 676 (2009)).

Courts in this District have found that "an official's conduct in making and executing policy, [. . .], may satisfy *Iqbal's* requirement of personal involvement if such conduct meets the elements required to establish an underlying constitutional violation and is undertaken with the required state of mind." *Lalonde v. City of Ogdensburg*, No. 8:22-CV-0164 (LEK/DJS), 2023 WL 2537626, at *18 (N.D.N.Y. Mar. 16, 2023) (citation omitted). To establish a policy-maker's personal involvement, the plaintiff must allege that the official was responsible for the policy and a "tangible connection between their policymaking conduct and the alleged harm." *Id.* at *18 (citation omitted). "[A] plaintiff must do more than make 'conclusory statements that [the supervisor] participated in the creation of a policy under which he was denied [constitutional rights], and that [he/]she knew or should have known that [plaintiff] would suffer harm as a result.' " *Jordan v. Dep't of Correction*, No. 3:22-CV-701 (CSH), 2023 WL 2503376, at *11 (D. Conn. Mar. 13, 2023) (citation omitted). "To be held liable as a policymaker, a plaintiff must demonstrate that the defendant had 'the requisite mens rea, specifically that 'the supervisor had subjective knowledge of a substantial risk of serious harm to a [person] and disregarded it.' " *Id.* (citation omitted).

Here, the pleading does not include any facts to suggest that these defendants were personally involved in any incident or alleged constitutional violations. Specifcally, plaintiff does not claim that he ever personally spoke to, wrote to, or interacted with defendants. Moreover, the complaint lacks facts that would allow the Court to infer that defendants were present during any alleged constitutional violation. Plaintiff's conclusory statements regarding these defendants are insufficient to state a claim. *Hunter v. Quiros*, No. 3:22-CV-1525, 2023 WL 348111, at *3 (D. Conn. Jan. 20, 2023) (citing *Jusino v. Quiros*, No. 3:21-cv-620, 2021 WL 5111908, at *8 (D. Conn. Nov. 3, 2021) (finding the conclusory allegations that the

defendants "created a policy or custom" is nothing more than a "simpl[e] parrot" of the

categories defined by the Second Circuit and insufficient under *Tangreti* to state a claim)).

Accordingly, plaintiff's Eighth Amendment claims are dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may

be granted.

### 3. State Law Claims

Plaintiff claims that defendants' policies violated the provisions of the HALT Act.

District courts have supplemental jurisdiction over all state law claims that are so

related to federal claims over which they exercise original jurisdiction that they form part of

the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a) (2000).

The alleged violations of the HALT Act are parallel to plaintiff's federal claims for

deliberate indifference.  Because plaintiff's federal claims for deliberate indifference are being

dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims.

*See* 28 U.S.C. § 1367(c)(3); *Valencia v. Sung M. Lee,* 316 F.3d 299, 306 (2d Cir. 2003).

## III.    LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without

granting leave to amend at least once "when a liberal reading of the complaint gives any

indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d

Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

requires.").  An opportunity to amend is not required, however, where "[t]he problem with [the

plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v.

Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*,

949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it

is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987

F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at

*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

      In this instance, plaintiff has already been provided one opportunity to amend his

complaint.  The deficiencies with his original complaint, identified by the court in March 2025

Order, have not been cured with the amended complaint.  Accordingly, the Court finds that

any further amendment would be futile.

## IV.    CONCLUSION

      **WHEREFORE, it is hereby**

      **ORDERED** that the amended complaint (Dkt. No. 6) is **ACCEPTED** for filing and is the

operative pleading in this action; and it is further

      **ORDERED** that pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), all claims

against Miller are severed and transferred to the Southern District of New York; and it is

further

      **ORDERED** that no ruling is made as to the sufficiency of the complaint with respect to

the claims that have been severed and transferred to the Southern District, leaving that

determination to the Southern District of New York; and it is further

      **ORDERED** that the Clerk shall advise the Clerk of the Southern District of New York,

in writing, of the entry of this Decision and Order and provide the Clerk with a certified copy of

this Decision and Order and of the docket report for this action, together with all information

necessary for the Clerk of the Southern District of New York to electronically access the documents filed in this action; and it is further

ORDERED that the fourteen (14) day waiting period provided for in Local Rule 83.6 is hereby waived; and it is further

ORDERED that the amended complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that the Clerk shall enter judgment accordingly; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: August 11, 2025

_____

Elizabeth C. Coombe
U.S. District Judge